IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **DANIELA MORENO, Individually and on behalf of all others similarly situated** | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § | |
| **RAUL CANTU,** | § | Civil Action No. 7:18-cv-00150 |
| **LORENA CANTU,** | § | |
| **FAYDALI CANTU, and** | § | |
| **OLEGARIO CANTU** | § § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Daniela Moreno, on behalf of herself and all others similarly situated ("Plaintiff" and "Class Members," respectively, herein) brings this suit against Raul Cantu; Lorena Cantu; Faydali Cantu; and Olegario Cantu (collectively referred to as "Defendants") to recover unpaid minimum wages and overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff respectfully shows as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of the suit occurred in this District.

3. Defendants have sufficient minimum contacts with this forum such that the Court has personal jurisdiction over the Defendants.

### II. THE PARTIES

4. Plaintiff Daniela Moreno is an individual who resides within this District. Her

written consent to this action is attached as Exhibit A.

5. The "Class Members" are all current and former employees of Defendants who, at any time three years before the filing of this lawsuit or later, worked as shop tenders at any of the kiosks or storefronts operated by Defendants at the Rio Grande Valley Premium Outlets, located at 5001 E. Expressway 83, Mercedes, Texas 78570.

6. Defendant Raul Cantu ("R. Cantu") is an individual who resides in the Southern District of Texas and may be served at 214 W. 18th Street, San Juan, Texas 78589, or wherever he may be found.

7. Defendant Lorena Cantu ("L. Cantu") is an individual who resides in the Southern District of Texas and may be served at 5001 E. Expressway 83, Suite 407A, Mercedes, Texas 78570, or wherever she may be found.

8. Defendant Faydali Cantu ("F. Cantu") is an individual who resides in the Southern District of Texas and may be served at 214 W. 18th Street, San Juan, Texas 78589, or wherever she may be found.

9. Defendant Olegario Cantu ("O. Cantu") is an individual who resides in the Southern District of Texas and may be served at 214 W. 18th Street, San Juan, Texas 78589, or wherever he may be found.

### III. FACTUAL ALLEGATIONS

10. Throughout the relevant time period, Defendants have owned and jointly operated a family business consisting of several kiosks and storefronts (collectively, "the kiosks") at the Rio Grande Valley Premium Outlets, located at 5001 E. Expressway 83, Mercedes, Texas 78570. The kiosks have been known by names including but not limited to Rio Club Toys, 3D Games, Kool Stuff, Candy Store #1, Candy Store #2, Candy Store #3, and Vedette Shapewear.

11. During all of the relevant time period, Defendants' kiosk operations have constituted an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r). Throughout the relevant time period, the kiosks have been commonly owned and controlled by Defendants. The kiosks have performed related activities for a common business purpose, as they were all engaged in the business of selling products to mall patrons including toys, gadgets, gifts, clothing, and snacks.

12. Throughout the relevant time period, the kiosks also have had shared management and identical business practices with respect to employment. Often, rather than assigning an employee to work exclusively at a single kiosk, Defendants would decide where a worker should labor on a given day depending on Defendants' overall staffing and scheduling needs for all of the kiosks. Furthermore, the Defendants frequently assigned employees to staff two or more of the kiosks simultaneously during a single shift.

13. Throughout the relevant time period, the Defendants' kiosk operations have constituted an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA because Defendants have had two or more employees, including Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce— such as cleaning supplies and food products manufactured outside of the state of Texas. 29 U.S.C. § 203(s)(1).

14. Further, during each year within the relevant time period, the kiosks have had an annual gross volume of sales made or business done in excess of $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. During the entire relevant time period, all of the Defendants have been joint employers of the Plaintiff and Class Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. Throughout the relevant period, Defendants R. Cantu, L. Cantu, F. Cantu, and O. Cantu have had and exercised the authority to control the employment of the kiosk shop tenders, including the power to directly and indirectly establish company pay practices and pay rates, modify employment conditions, control employee schedules, maintain employment records, and to hire and fire employees.

17. Defendants R. Cantu, L. Cantu, F. Cantu, and O. Cantu have controlled the operations of the kiosks during the entire relevant period of this action. During the relevant time period, Defendants R. Cantu, L. Cantu, and F. Cantu have been regularly present at the Plaintiff's and Class Members' jobsite, and O. Cantu has been present occasionally. Defendants directly and indirectly supervised and managed the terms and conditions of the Plaintiff's and Class Members' work.

18. Defendant R. Cantu purports to be the owner of kiosks doing business as Rio Club Toys and 3D Games, both of which he has asserted are sole proprietorships registered in Hidalgo County, Texas.

19. Defendant O. Cantu purports to be the owner of kiosks doing business as Candy Store, which he has asserted to be a sole proprietorship registered in Hidalgo County, Texas.

20. Defendants L. Cantu and R. Cantu had primary responsibility for overseeing the day-to-day operation of all of the kiosks, including hiring and firing employees, assigning employees to staff various kiosks, supervising employees and setting employees' schedules and rates of pay. Defendant L. Cantu personally hired Plaintiff.

21. Defendants L. Cantu and F. Cantu have exercised the most constant and frequent day-to-day direct supervision of the kiosk shop tenders, and have generally alternated weekly primary responsibility for setting the employees' work schedules, maintaining employment records, and administering wage payments to employees.

22. Throughout the relevant period, Plaintiff and Class Members labored in the kiosks owned and operated by Defendants as shop tenders. Their job duties included cleaning, attending to customers, doing inventory, and selling and stocking for sale toys, food items, beverages, footwear, and apparel.

23. Throughout the relevant period, Defendants paid Plaintiff and Class Members $6.00 per hour for all hours worked for Defendants.

24. Throughout the relevant period, the Plaintiff and Class Members frequently worked more than 40 hours per week for Defendants, often laboring in excess of 50 hours per week, but Defendants paid them only their regular straight-time rates for their overtime hours instead of one-and-one-half times their regular rates of pay.

25. At various times throughout the relevant time period, Defendants made deductions from Plaintiff and Class Members' wages for categories including unmet sales quotas set by Defendants, stolen merchandise, unaccounted-for inventory, and cash register shortages.

## IV. COLLECTIVE ACTION ALLEGATIONS

26. The Class Members are similarly situated to the named Plaintiff in that their relevant job duties were comparable to the Plaintiff's, and they were subject to the same illegal pay policies or practices that are the basis for this action.

27. The Defendants' failure to pay minimum wage and overtime compensation at the rate required by the FLSA results from generally applicable policies or practices and does not

depend on the personal circumstances of the Class Members. Thus, the Plaintiff's experience is typical of the experience of the Class Members.

28. The specific job titles or precise job requirements of the various Class Members do not prevent collective treatment. All Class Members, regardless of their exact job requirements or rates of pay, are entitled to minimum wages of at least $7.25 per hour worked, and overtime compensation for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts relating to liability. The essential questions of law and fact are common to the Plaintiff and the Class Members.

29. As a collective action, Plaintiff seeks this Court's appointment and/or designation as representative of a group of similarly situated individuals.

## V. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

30. During the relevant period, Defendants have violated Section 7 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by employing Plaintiff and Class Members for workweeks longer than 40 hours without compensating such employees at rates of one-and-one-half times the minimum regular rate of pay for all hours worked over 40 in a workweek. Defendants have acted willfully in failing to pay Plaintiff and Class Members in accordance with applicable law. Defendants are liable to Plaintiff under 29 U.S.C. § 216(b).

31. Further, during the relevant period, Defendants have violated Section 6 of the FLSA, 29 U.S.C. §§ 206, and 215(a)(2), by paying Plaintiff and Class Members less than the required minimum regular rate of pay of $7.25 per hour for each hour worked in a workweek. Defendants have acted willfully in failing to pay Plaintiff and Class Members in accordance with applicable law. Defendants are liable to Plaintiff under 29 U.S.C. § 216(b).

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that she and all those who consent to be opt-in plaintiffs in this collective action recover from Defendants, jointly and severally, the following:

A. An award of all unpaid overtime compensation;

B. An award of all unpaid minimum wages;

C. An equal amount as liquidated damages;

D. Reasonable attorney's fees, costs, and expenses of this action;

E. Post-judgment interest; and

F. Such other relief to which they may be entitled.

Respectfully submitted,

/s/ *Caitlin Boehne*
**CAITLIN BOEHNE**
**ATTORNEY-IN-CHARGE**
Texas Bar No. 24075815
Southern District of Texas Federal ID No. 3146004
cboehne@equaljusticecenter.org
**ANNA BOCCHINI**
Texas Bar No. 24057410
Southern District of Texas Federal ID No. 3145999
abocchini@equaljusticecenter.org

**EQUAL JUSTICE CENTER**
510 S. Congress Ave., Suite 206
Austin, Texas 78704
Tel.: (512) 474-0007, ext. 110
Fax: (512) 474-0008

**ATTORNEYS FOR PLAINTIFF**